# United States District Court
## For The Western District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>TRENT RAE SHORT | JUDGMENT IN A CRIMINAL CASE<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 3:02CR260-5-V<br><br>USM Number: 19732-058<br>Richard E. Beam, Jr.<br>Defendant's Attorney |

**FILED**
CHARLOTTE, N.C.

MAR 23 2006

U.S. DISTRICT COURT
W. DIST. OF N.C.

THE DEFENDANT:

- **X** pleaded guilty to count(s) <u>1sss</u>.
- __ Pleaded nolo contendere to count(s) which was accepted by the court.
- __ Was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 21:841 and 846 | Conspiracy to Possess with Intent to Manufacture a Quantity of Methamphetamine. | December 2001 | 1sss |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), and 18 U.S.C. § 3553(a).

- __ The defendant has been found not guilty on count(s) .
- **X** Count(s) <u>3sss</u> (is)(are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay monetary penalties, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: 3/1/06

*/s/ Richard L. Voorhees*
Signature of Judicial Officer

Richard L. Voorhees
Chief Judge

Date: 3-22-06

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of THIRTY (30) MONTHS.

_X_ The Court makes the following recommendations to the Bureau of Prisons:
    Defendant shall be designated to a facility close to Concord, NC.

__ The defendant is remanded to the custody of the United States Marshal.

__ The defendant shall surrender to the United States Marshal for this district:

   __ At _____ On ___.
   __ As notified by the United States Marshal.

_X_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   _X_ before 2 pm on June 15, 2006.
   _X_ as notified by the United States Marshal.
   __ As notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

                                                    United States Marshal
                                              By
                                                    Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   THREE (3) YEARS .

__   The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

### STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the te supervised release on a schedule to be established by the court.
4. The defendant shall provide access to any personal or business financial information as requested by the probation officer.
5. The defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6. The defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7. The defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written rep within the first five days of each month.
8. A defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10. The defendant shall support his or her dependents and meet other family responsibilities.
11. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14. The defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such tim the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(5 18:3583(d), respectively.
15. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless grante permission to do so by the probation officer.
17. The defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other l enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocatio probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuan this condition.
18. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed probation officer.
19. The defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal h or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirem
22. If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay any monetary penalty.
23. If home confinement (home detention, home incarceration or curfew) is included you may be required to pay all or part of the cost of the electronic monitori other location verification system program based upon your ability to pay as determined by the probation officer.
24. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

ADDITIONAL CONDITIONS:

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $100.00 | $0.00 | $6,484.61 |

### FINE

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

X        The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

X        The interest requirement is waived.

__        The interest requirement is modified as follows:

### COURT APPOINTED COUNSEL FEES

__        The defendant shall pay court appointed counsel fees.

__        The defendant shall pay $_____ Towards court appointed fees.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  \_\_      Lump sum payment of $ _____ Due immediately, balance due

    \_\_      Not later than _____ , or
    \_\_      In accordance \_\_ (C), \_\_ (D) below; or

B  X      Payment to begin immediately (may be combined with  \_ (C),  \_ (D) below); or

C  \_\_      Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence \_\_\_\_
                 \_\_\_ (E.g. 30 or 60 days) after the date of this judgment; or

D  \_\_      Payment in equal _____ (E.g. weekly, monthly, quarterly) installments of $ _____ To commence \_\_\_\_
                 \_\_\_ (E.g. 30 or 60 days) after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. § 3572.

Special instructions regarding the payment of criminal monetary penalties:

\_\_   The defendant shall pay the cost of prosecution.
\_\_   The defendant shall pay the following court costs:
\_\_   The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 401 West Trade Street, Room 210, Charlotte, NC 28202, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# RESTITUTION PAYEES

The defendant shall make restitution to the following payees in the amounts listed below:

| NAME OF PAYEE | AMOUNT OF RESTITUTION ORDERED |
|---|---|
| U. S. Drug Enforcement Administration | $6,484.61 |

__X__   The defendant is jointly and severally liable with co-defendants for the total amount of restitution.

__ __   Any payment not in full shall be divided proportionately among victims.